# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2090
_____

HOLIDAY ISLE IMPROVEMENT
ASSOCIATION, INC.,

Appellant,

v.

DESTIN PARCEL 160, LLC,

Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

August 30, 2018

PER CURIAM.

Holiday Isle sued for declaratory and injunctive relief, seeking to enforce protective covenants entitling it to review and approve building plans for lots within its association when a building or structure is "commenced, erected or maintained." Destin Parcel acquired Lot 160 from an entity that had already produced some construction plans and obtained a development order for a specific project. Representatives of Destin Parcel as the new owner talked publicly about proceeding with development, prompting Holiday Isle to demand that Destin Parcel submit the prior owner's construction plans for Holiday Isle's review. Destin Parcel refused to comply, stating that it was considering alternative plans that were not yet finalized and as

to which no city building permit had issued, and therefore the review provision was not yet triggered. The trial court granted summary judgment for Destin Parcel.

As a threshold procedural matter, Holiday Isle challenges the legal sufficiency of the trial court's judgment, arguing that because it did not set forth findings of fact or conclusions of law, it did not "declare" the parties' full rights and responsibilities. Holiday Isle relies on *Sears, Roebuck & Co. v. Forbes/Cohen Florida Properties, L.P.*, 223 So. 3d 292 (Fla. 4th DCA 2017), which held that a judgment on declaratory judgment claims is inadequate if it is devoid of findings or conclusions. In *Sears*, however, the appellate court concluded that it could review the legal and factual issues without requiring remand for entry of a more detailed judgment. 223 So. 3d at 298. Here, before reducing judgment to writing, the trial judge orally pronounced that he ruled for Destin Parcel because he accepted Destin Parcel's arguments and authorities. We can readily glean these from the record. The judgment adequately adjudicated the parties' rights as to the present controversy, and our review is unhampered. Our construction of the restrictive covenant is de novo. *Leamer v. White*, 156 So. 3d 567, 571 (Fla. 1st DCA 2015). We therefore reject Holiday Isle's procedural argument.

We decline to provide a comprehensive definition of "commenced, erected or maintained," but we conclude that it would be an unreasonable interpretation of the protective covenant to require a lot owner to submit to Holiday Isle incomplete plans, non-final plans, or plans on which the owner is not prepared to proceed as drawn. *See Silver Shells Corp. v. St. Maarten at Silver Shells Condo. Ass'n*, 169 So. 3d 197, 203 (Fla. 1st DCA 2015) (holding that the goal of construing restrictive covenants is to arrive at a reasonable interpretation consistent with their stated meaning and purpose). On the undisputed facts, Holiday Isle's attempt to review plans is premature. We therefore affirm.

LEWIS, KELSEY, and WINSOR, JJ., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Terrell K. Arline, David A. Theriaque, and S. Brent Spain of Theriaque & Spain, Tallahassee, for Appellant.

Dana C. Matthews and John M. Stratton of Matthews & Jones, LLP, Destin, for Appellee.