# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D17-2924 & 1D18-1017
_____

DESTIN POINTE OWNERS'
ASSOCIATION, INC.,

    Appellant,

    v.

DESTIN PARCEL 160, LLC, a
Florida limited liability
company, DESTIN GUARDIAN
CORPORATION, a Florida
corporation, DESTIN POINTE
HOLDINGS, INC., a Florida
corporation, and DESTIN PARCEL
B, LLC, a Florida limited
liability company,

    Appellees.

_____

On appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

July 22, 2019


PER CURIAM.

Appellant challenges the orders granting summary judgment for the Appellees on certain counts of its amended complaint[1] and the final judgment entered upon these orders and, in addition, the trial court's declarations after bench trial on the remaining counts. Upon review of the voluminous appellate record and the arguments presented by the parties, we affirm both the grants of summary judgments and the final judgment. We write only to encourage trial courts to specify in summary judgment orders the material "facts that appear without substantial controversy" and those facts which remain "actually and in good faith controverted." Fla. R. Civ. P. 1.510(d).

While the orders granting summary judgment for Appellees on counts I, III and V of the amended complaint conclude that there are no genuine disputes of material fact, the facts material to the requests for declaratory judgment on these counts were not specified in the orders or in the final judgment. However, the appellate record included ample documentary and other evidentiary support for the trial court's rulings. Accordingly, our appellate review of the summary judgments was possible without more detailed orders. *See Holiday Isle Improvement Ass'n, Inc. v. Destin Parcel 160, LLC*, 254 So. 3d 1109, (Fla. 1st DCA 2018); *Sears, Roebuck & Co. v. Forbes/Cohen Fla. Props., L.P.*, 223 So. 3d 292 (Fla. 4th DCA 2017). Appellate review would be greatly simplified and made more efficient, however, by the inclusion of the uncontroverted material facts in summary judgment orders where rule 1.510(d) applies.[2]

---

[1] Appellees asserted multi-count counterclaims corresponding to the counts of the amended complaint, which were included in the trial court's summary judgments and declarations on the respective counts.

[2] Trial judges are reminded that even if the findings in the summary judgment orders are incorrect, we are obligated to "affirm a trial court that 'reaches the right result, but for the wrong reasons' if there is 'support for the alternative theory or principle of law in the record before the trial court.'" *Shands Teaching Hosp. and Clinics, Inc. v. Mercury Ins. Co. of Florida*, 97 So. 3d 204, 212

AFFIRMED.

RAY, C.J., and BILBREY and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

David A. Theriaque and S. Brent Spain of Theriaque & Spain, Tallahassee, for Appellant.

Daniel C. O'Rourke and Dana C. Matthews of Matthews & Jones, LLP, Destin, for Appellees.

---

(Fla. 2012) (quoting *Robertson v. State*, 829 So. 2d 901, 906-07 (Fla. 2002)).

3